Matter of Casper (2022 NY Slip Op 00307)





Matter of Casper


2022 NY Slip Op 00307


Decided on January 19, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.


2020-06884

[*1]In the Matter of Thomas P. Casper, admitted as Thomas Paul Casper, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Thomas P. Casper, respondent. (Attorney Registration No. 2279180.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 23, 1981, under the name Thomas Paul Casper. By decision and order on motion of this Court dated April 19, 2021, the respondent was immediately suspended from the practice of law pending further order of the Court, upon a finding that the respondent posed an immediate threat to the public interest based upon his misappropriation of client funds and longstanding failure to cooperate with the lawful investigations of the Grievance Committee.



Catherine A. Sheridan, Acting Chief Counsel, White Plains, NY, for petitioner.



PER CURIAM.


OPINION & ORDER
On November 12, 2020, the Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition dated September 11, 2020, and a verified petition dated September 10, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains 14 charges, alleging that the respondent, inter alia, misappropriated client funds entrusted to him incident to his practice of law; commingled personal funds with funds held incident to his practice of law; failed to account for funds when called upon to do so; failed to keep the funds he received, incident to his practice of law, separate from estate funds; failed to identify his escrow account checks and deposit slips as an "Attorney Special," "Attorney Escrow," or "Attorney Trust" account; failed to ensure that all special account disbursements were made to a named payee; engaged in conduct prejudicial to the administration of justice; and engaged in conduct adversely reflecting upon his fitness as a lawyer in violation of rules 1.15(a), (b)(1) and (2), (c)(3), (e), and (i), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on September 15, 2021, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified [*2]petition dated September 10, 2020, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J, DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Ninth Judicial District to deem the charges in the verified petition dated September 10, 2020, established based upon the default of the respondent, Thomas P. Casper, admitted as Thomas Paul Casper, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas P. Casper, admitted as Thomas Paul Casper, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Thomas P. Casper, admitted as Thomas Paul Casper, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Thomas P. Casper, admitted as Thomas Paul Casper, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Thomas P. Casper, admitted as Thomas Paul Casper, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court